**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Edison W. Guevara Chamba**

       v.                            Case No. 26-cv-504-PB-TSM

**Andrew Ackley, Warden,**
**FCI Berlin, et al.**

**ORDER**

Edison W. Guevara Chamba filed the instant petition for a writ of

habeas corpus on June 17, 2026. Doc. 1. This Court subsequently ordered the

government to show cause why I should not grant Guevara Chamba's petition

to the extent of affording him a bond hearing under 8 U.S.C. § 1226(a), based

both on his apparent membership in the class certified in Guerrero Orellana

v. Moniz and his similarity to the petitioner granted such relief on procedural

due process grounds in Destino v. FCI Berlin. Doc. 3 (citing 2025 WL

3687757, at *10-11 (D. Mass. Dec. 19, 2025) and 2025 DNH 149, 2025 WL

4010424 (D.N.H. Dec. 24, 2025)).

The government has filed a response to my order in which it concedes

that Guevara Chamba would receive the same result as the petitioner in

Destino were that case's reasoning applied here. See Doc. 5. While the

government gestures to certain arguments related to that authority—which it

remains free to invoke in future cases notwithstanding the result of this case—it has not substantively developed those arguments here and thus has not shown cause for Guevara Chamba's continued detention without a bond hearing.

Accordingly, because I agree with the Court's reasoning in <u>Destino</u>, the government is hereby ordered to afford Guevara Chamba a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable. If the government fails to comply, I will grant the writ and set appropriate terms and conditions for Guevara Chamba's release during the pendency of his removal proceedings myself.

The government shall file a status report within fourteen days.

SO ORDERED.

/s/ Paul Barbadoro
Paul J. Barbadoro
United States District Judge

June 24, 2026

cc:   Counsel of Record

2